IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TRAVIS ROBERTS, #49518-177,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:16-CV-3407-L** |
| | § | Criminal No. 3:15-CR-224-L |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

The case was referred to United States Magistrate David L. Horan, who entered the Findings,

Conclusions and Recommendation of the United States Magistrate Judge ("Report") on December

5, 2017, recommending that the court deny Petitioner Travis Roberts' ("Petitioner") Motion Under

28 U.S.C. § 2255 to Vacate, Set Aside, or correct Sentence by a Person in Federal Custody (Doc. 9)

based on his first and second ineffective assistance of counsel claims and deny Petitioner's Motion

to Amend Petition (Doc. 55) with respect to his first claim because the proposed amendment fails

for the same reasons. Petitioner originally asserted three ineffective assistance of counsel claims and

was appointed counsel to represent him with respect to the first and third claims. According to the

Report, the third claim was withdrawn. The remaining two claims relate to: (1) counsel's failure to

object to the drug quantity used to calculate Petitioner's base offense level under U.S.S.G. §

2D1.1(c)(1); and (2) counsel's failure to object to the two-level enhancement under U.S.S.G. §

2D1.1(b)(1) for possession of a dangerous weapon. Petitioner's request to amend his section 2255

petition to add a related ineffective assistance of counsel claim pertains to his contention that counsel

failed to conduct discovery before deciding not to object to the drug quantity.

On December 5, 2017, Petitioner moved for reconsideration regarding the magistrate judge's recommendation that the court deny his motion to amend his section 2255 petition. On December 6, 2017, the magistrate judge denied the motion for reconsideration as follows:

> for the reasons set out in the December 5, 2017 findings of fact, conclusions of law, and recommendation [Dkt. No. 62], chief among them that Roberts has not shown that, if the new claim is added to this action, the Court's consideration of that claim will result in finding that, had Roberts's trial counsel taken the actions that Roberts believes that counsel should have taken (as explained in the proposed amended claim), it is reasonably likely—that is, there is a substantial, not just conceivable, likelihood—that Roberts would have received a lower sentence. *See Harrington v. Richter*, 562 U.S. 86, 111-12 (2011) (citations omitted).

Order 1 (Doc. 64). Thereafter, Petitioner filed objections to the Report on December 19, 2017, in support of his first ineffective assistance of counsel claim and request to amend his petition. Regarding his first ineffective assistance of counsel claim, Petitioner objects to the magistrate judge's factual finding that "[t]he supplier—who contacted his own source who, in turn, indicated that he had two sources . . . of additional cocaine that day—ultimately told Roberts that it would be the next day before the additional cocaine would be available." Obj. 6 (quoting Report 7). Petitioner contends that this finding is not supported by the recordings of conversations between Petitioner and his suppliers. Petitioner disagrees that he "never hesitated" in the recorded drug negotiations and contends that his willingness to acquire cocaine at some unspecified time in the future is not evidence that he could have acquired the cocaine the next day. Obj. 7 (footnote omitted). Petitioner contends that consideration of the standards in *United States v. Vasquez*, 352 F.3d 1067 (6th Cir. 2003), and *United States v. Davis*, 478 F.3d 276 (5th Cir. 2007), and his recorded conversations show that he was not capable of and did not intend to deliver the additional two kilograms of cocaine agreed upon such that he would not have delivered the additional agreed quantity of cocaine even if he had not been arrested.

In addition, Petitioner objects to the magistrate judge's conclusion that his ineffective assistance of counsel claim also fails because "there was no guarantee that the Court would have sustained an objection to the inclusion of the 2 kilograms in the drug quantity." Obj. 9 (quoting Report 12). Petitioner asserts that the standard applicable to ineffective assistance of counsel claims does not require a showing of a "guarantee" of a different outcome, only "a reasonable probability of a different outcome." *Id.* (footnote and internal quotation marks omitted). In this regard, Petitioner contends:

> The supplier calls were the best available evidence of Mr. Roberts' capacity to acquire three kilograms of cocaine. They functioned as a laboratory experiment, testing this proposition. And when conducted, they yielded a clear result: he could not obtain the cocaine. The failure of any party to call this simple and exceedingly probative fact to the Court's attention at sentencing represents a breakdown of the adversarial process that undermines confidence in the outcome.

*Id.* at 9-10.

Finally, regarding the magistrate judge's recommendation that he should not be permitted to amend his section 2255 petition, Petitioner asserts:

> This amended ground would assert trial counsel's ineffective failure to discover the calls to the supplier as a separate basis for relief. The Magistrate found that any amendment would have been futile, because knowledge of the supplier calls would not likely have changed the sentence.
>
> There is a reasonable probability of a (perhaps modestly) reduced sentence had trial counsel reviewed the supplier calls. Even if these calls did not lead trial counsel to make a successful drug quantity objection to the Guidelines, they would have significantly improved his advocacy at sentencing. Trial counsel argued at sentencing that the defendant's delivery of one rather than three kilograms provided a reason for a lower sentence. In response, the government argued to the district court that "it isn't that he wasn't able to get three kilograms or that he didn't intend to get three kilograms," and that "[h]e delivered the first and was prepared to do, but the government agents intervened." The district court "did not disagree" with the government's argument that the defendant should receive no windfall for the early intervention of the agents. The calls to the supplier would have been effective rebuttal to this—they certainly would have shown that the situation was not as simple

as the government's narrative of law enforcement intervention during an imminent offense.

At the very least, trial counsel could have used the calls to the supplier to show the defendant's timely and complete cooperation. And in this respect, there was significant room for a reduced sentence. Astonishingly, the fact of these calls were never mentioned in an extended sentencing colloquy, never mentioned in motions for lesser sentence by either party, and never even mentioned in the PSR. And it does not appear from the sentencing transcript that the cooperation of which the court was actually aware had much influence on the sentence. The sentence imposed was just two months shorter than the sentence contemplated by the Court before learning of the 5K motion. Had the Court been aware that Mr. Roberts began cooperating immediately upon his arrest, it is reasonably probable that it would have given the government's motion more weight.

This Court is now aware that Mr. Roberts called his supplier at the behest of the agents on the day of his arrest, and that the supplier was unable to provide the requested quantity of cocaine. It should decide for itself whether this fact, which is obviously significant to several sentencing determinations in the case, might have been important to it, and grant a new sentencing hearing if so.

*Id.* at 10-11.

After carefully reviewing the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the thorough findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Notwithstanding Petitioner's objections, including his objection to the magistrate judge's passing reference to "no guarantee that the Court would have sustained an objection," it is clear from the Report that the correct legal standard was enunciated and applied. Accordingly, the court **overrules** Petitioner's objections to the Report, **denies** Petitioner's Motion to Amend Petition (Doc. 55), and **dismisses with prejudice** this habeas action for the reasons set forth in the Report.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 30th day of October, 2018.

Sam A. Lindsay
United States District Judge

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

     **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

     (**b**)     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.