IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAVIS ROBERTS<br>(BOP Register No. 49518-177),<br><br>    Movant,<br><br>V.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:16-cv-3407-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Travis Roberts, through court-appointed counsel, has filed an unopposed motion to proceed *in forma pauperis* ("IFP") as to his appeal of the October 30, 2018 judgment dismissing his motion under 28 U.S.C. § 2255. *See* Dkt. No. 75. United States District Judge Sam A. Lindsay referred the IFP motion to the undersigned United States magistrate judge for hearing, if necessary, and for the undersigned to submit proposed findings and recommendations for the disposition of the motion. *See* Dkt. No. 76. The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should grant the IFP motion.

**Legal Standards and Analysis**

Because, in appointing him counsel in this action, the Court previously determined that Mr. Roberts is indigent, *see* Dkt. No. 10; *see also* Dkt. No. 12 (financial aff.), he "may proceed on appeal *in forma pauperis* without further authorization unless" (A) the Court – in writing and explaining why – either "certifies that the appeal

is not taken in good faith" or "finds that the party is not otherwise entitled to proceed in forma pauperis" or (B) "a statute provides otherwise." FED. R. APP. P. 24(a)(3).

And, typically, "[a] movant who seeks authorization to proceed IFP on appeal must demonstrate that he is a pauper ***and*** that his appeal involves nonfrivolous issues." *Amir-Sharif v. Dallas Cty. Tex.*, 269 F. App'x 525, 526 (5th Cir. 2008) (per curiam) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); emphasis added); *see also McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015) (per curiam) ("By failing to provide argument that addresses the basis of the district court's dismissal, McGarrah has failed to adequately present any argument for this court's consideration. He has thus failed to establish that he will raise a nonfrivolous issue for appeal."); *accord Clark v. Oklahoma*, 468 F.3d 711, 713, 715 (10th Cir. 2006); *see also McCoy v. Harmon*, 738 F. App'x 326, 327 (5th Cir. 2018) (per curiam) ("[G]eneral conclusional assertions" – that lack "facts that would entitle [him] to relief on his [dismissed] claim" – do not satisfy the requirement that a movant "address the district court's reason for dismissal." (citation omitted)).

But, here, because the Court previously appointed Mr. Roberts counsel under 18 U.S.C. § 3006A and Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, *see* Dkt. No. 10, he may proceed on appeal "without prepayment of fees and costs or security therefor and without filing the affidavit required by [28 U.S.C. §] 1915(a)," 18 U.S.C. § 3006A(d)(7). And, at the least, Mr. Roberts's detailed objections to the findings, conclusions, and recommendation as to the disposition of his Section 2255 motion, *see* Dkt. No. 65, demonstrate that his appeal

involves nonfrivolous issues.

He has therefore carried his burden as to the IFP motion.

## Recommendation

The Court should grant Movant Travis Roberts's unopposed motion for leave to proceed *in forma pauperis* on appeal [Dkt. No. 75].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 27, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE