IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TRAVIS ROBERTS, # 49518-177**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-3407-L** |
| | § | |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner's Motion to Clarify Scope of Federal Public Defender's Representation (Doc. 81), filed December 10, 2018. The court **grants** Petitioner Travis Roberts' ("Petitioner") request for clarification (Doc. 81) and **terminates** the federal public defender's representation of Petitioner for the reasons set forth in this memorandum opinion and order.

## I.    Procedural Background

Petitioner initiated this habeas action by filing a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docs. 2, 3), asserting that his trial counsel was constitutionally ineffective for: (1) failing to object at sentencing to the drug quantity amount (Claim 1); (2) failing to object at sentencing to the firearm enhancement (Claim 2); and (3) failing to file a notice of direct appeal in violation of his Sixth Amendment rights after he requested that counsel do so (Claim 3). After reviewing Petitioner's motion and the Government's response, United States Magistrate Judge David L. Horan determined that an evidentiary hearing was needed on Petitioner's Claim 3 and entered an order on March 21, 2017, setting an evidentiary hearing and appointing the Federal Public Defender for this district (the "FPD") for the limited purpose of

representing Petitioner at the evidentiary hearing on Claim 3. Order 1 (Doc. 10). At the FPD's request, this appointment was expanded by Judge Horan on July 12, 2017, to include the representation of Petitioner at an evidentiary hearing regarding Claim 1. Both appointments were made pursuant to "Title 18, United States Code, Section 3006A and Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts." *Id.* at 1-2; Order 1 (Doc. 30). The evidentiary hearing on Claims 1 and 3 was held by the magistrate judge on August 17, 2017, after which supplemental briefing was allowed and filed. On September 5, 2017, Petitioner withdrew his Claim 3 (Doc. 53) and moved the following day to amend his habeas petition to assert a new ineffective assistance of counsel claim related to Claim 1 (Docs. 55, 56). Specifically, Petitioner requested to amend his habeas petition to include a claim that "*[t]rial counsel provided constitutionally ineffective assistance in failing to conduct adequate discovery before deciding to forego a drug quantity objection*." Opposed Mot. to Amend 1 (Doc. 55). On November 7, 2017, Petitioner moved for an expedited decision on his habeas petition.

After conducting an evidentiary hearing, Judge Horan entered his findings and conclusions on December 5, 2018 (Doc. 62), recommending that the court deny Petitioner's motion to amend his habeas petition. Judge Horan also granted Petitioner's request to expedite consideration of his habeas petition and recommended that all claims by him (whether made *pro se* or through counsel) be denied. On October 30, 2018, this court accepted the magistrate judge's recommendations regarding Petitioner's habeas claims and his motion to amend his petition, entered a judgment dismissing the Section 2255 motion, and denied Petitioner a certificate of appealability ("COA"). *See* Docs. 73, 74.

On November 14, 2018, the FPD filed an unopposed motion for leave to appeal *in forma pauperis* ("IFP") (Doc. 75), which the court granted upon recommendation by the magistrate judge. *See* Docs. 78, 79. After filing a notice of appeal on behalf of Petitioner on November 28, 2018, the FPD filed Petitioner's Motion to Clarify Scope of Federal Public Defender's Representation (Doc. 81) on December 10, 2018, seeking clarification regarding the scope of the FPD's appointment to represent Petitioner "as this matter proceeds." Mot. 2.  The court construes Petitioner's motion for clarification as one inquiring whether the limited appointment of the FPD to represent Petitioner at the evidentiary hearing conducted by the magistrate judge on Claims 1 and 3 extends to all matters appealed in this case.

## II.    Applicable Legal Standard

"[T]here is no constitutional entitlement to appointed counsel in postconviction relief proceedings." *United States v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).  Rule 8(c) of the Rules Governing § 2254 Cases requires a district court to appoint an attorney to represent a habeas petitioner who qualifies for appointment of counsel under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, when it determines that an evidentiary hearing is warranted.  *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011).  Under the CJA Plan adopted by this district, representation *may* be provided to persons eligible for representation under 18 U.S.C. § 3006A in an "ancillary matter" or in a habeas action under sections 2241, 2254, or 2255 when a district or magistrate judge determines that representation should be provided to an eligible person in "the interests of justice."  Misc. Order No. 3 ¶ III(A)(2) (N.D. Tex. June 2000).  The CJA also provides that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court

through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). This duration provision of the CJA, however, has been determined not to apply during the pendency of an appeal in postconviction proceedings such as this when the initial appointment of counsel is made under Rule 8(c) of the Rules Governing Section 2254 Cases. *See Boothe v. Quarterman*, 326 F. App'x 257, 258 (5th Cir. 2009) (per curiam) ("Boothe was appointed counsel in the district court pursuant to Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases. Boothe contends 18 U.S.C. § 3006A(c) requires this appointment to continue during the pendency of his appeal. Boothe cites no authority holding the duration provision of § 3006A(c) applicable to an appointment under Rules 6(a) and 8(c). Persuasive authority suggests it is not.") (citing *Miranda v. United States*, 455 F.2d 402, 403-05 (2d Cir. 1972)[*] (citations omitted)); *see also Mosqueda-Estevez v. United States*, Nos. 08-0376-CV-W-FJG & 05-0265-01-CR-W-FJG, 2009 WL 1064460, *1-2 (W.D. Mo. Apr. 20, 2009) (granting leave to appeal *in forma pauperis* but determining that the motion to appoint counsel on appeal was premature and relieving the FPD from its continued representation of the movant because the district court had denied a COA, and the court of appeals had not yet determined whether a COA should issue). Although this district's CJA Plan similarly provides that, once appointed, representation of counsel shall continue until the matter is concluded, including on appeal, it also

---

[*] The Second Circuit in *Miranda* concluded that a habeas appeal did not qualify as an "ancillary matter" for purposes of the CJA based on the following reasoning:

> This [§ 2255] appeal is not such an ancillary matter. Cases interpreting the earlier version of this section concluded that it applied to trial and direct appeals, not to collateral attacks upon a judgment. . . . If a § 2255 proceeding were covered under subsection (c), discretion to appoint counsel in collateral attacks on a judgment as set forth in subsection (g) of 18 U.S.C. § 3006A would be meaningless. Indeed, if we were to reach the result desired by petitioner here, such discretion might seldom be exercised.

*Miranda*, 455 F.2d at 403-05.

contemplates and allows for the termination of that continuing representation by court order. Misc. Order No. 3 ¶ VI(C).

## III. Discussion

As required under the CJA, the magistrate appointed counsel to represent Petitioner regarding his first and third habeas claims after determining that an evidentiary hearing on those claims was needed. The magistrate judge's orders appointing the FPD to represent Petitioner, however, limited the representation to the evidentiary hearing conducted regarding Claims 1 and 3 and did not thereafter extend the appointment of the FPD's representation of Petitioner to any appeal in this case or any other matter after conclusion of the evidentiary hearing. Further, given the limited nature of the appointment of counsel by the magistrate judge, the court determines that the duration of that appointment would not automatically continue on appeal to all matters appealed, including those matters not covered by the original appointments. Additionally, while the court granted Petitioner's request to proceed *in forma pauperis* on appeal, it denied him a COA, and the Fifth Circuit has not granted Petitioner a COA. For these reasons, and after conferring with the magistrate judge and considering the legal authority set forth in this order, the court determines that the scope of the appointment of counsel by the magistrate judge for purposes of the district court proceedings in this case was not intended to and does not apply to the appeal taken by Petitioner, and the court declines at this juncture to extend the representation to include all matters appealed absent a request by Petitioner to do so.

## IV. Conclusion

For the reasons stated, the court **grants** Petitioner's Motion to Clarify Scope of Federal Public Defender's Representation (Doc. 81) and **clarifies** that the appointment of the FPD does not

extend to any appeal by Petitioner of this section 2255 habeas action. To avoid potential confusion moving forward, the court **terminates** the FPD's representation of Petitioner pursuant to paragraph VI(C)(4) of this district's CJA Plan and **relieves** FPD counsel Kevin Joel of any further obligation to or representation of Petitioner in this case. The termination of the FPD's appointment, however, does not prevent Petitioner from filing a motion for appointment of counsel for purposes of his appeal.

      **It is so ordered** this 15th day of January, 2019.

Sam A. Lindsay
United States District Judge